### 14064. FULFORD v. THE STATE.

LUKE, J. The defendant was convicted of violating the prohibition statute. The evidence was insufficient to authorize the conviction, and it was error to overrule the motion for a new trial.
Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.
DECIDED MARCH 6, 1923.

Accusation of misdemeanor; from city court of Blackshear — Judge Mitchell. October 2, 1922.

The accusation charged Fulford with having, controlling, and possessing intoxicating liquor. From the evidence it appears that he, with McKinley Tyre, went from his own garage in the City of Blackshear at night in Mrs. Cox's car, drove it into the country, and returned in it to the garage about 12:30 o'clock the same night, at which time they were seen by Tuten, deputy sheriff, who testified that Tyre was then driving the car, that they got out of the car and Fulford opened the door of the garage, and Tyre took a gallon jug of whisky out of the car and put it down under a tree,

and then put it between the garage and a certain store; that he
"did not see Fulford touch the whisky;" that when he arrested
them Tyre said to Fulford, "Tell him the truth about the mat-
ter," and Fulford said nothing; and that while Tyre was in jail
that night he voluntarily and without being offered an inducement
told the witness that the whisky was Fulford's. The defendant, in
his statement at the trial, said he was there that night, but the
whisky was not his and he had nothing to do with it, and that this
was all he knew about it. Tyre testified, that he himself bought
and paid for the whisky, that Fulford had nothing to do with it,
and that although he told "them" that it was Fulford's whisky,
he did so because he did not want this thing to get out on him-
self, and did not want to go to jail or to lose his job.

*Eldon L. Bowen, S. F. Memory,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.